HAMILTON, Circuit Judge,
concurring in part and concurring in the judgments.
I join the portion of the majority’s opinion that jettisons the odd doctrine of “consent once removed” to justify some war-rantless entries and searches. I also agree that we should affirm the defendants’ convictions, though on a much narrower ground than my colleagues offer.
“Consent Once Removed”: To avoid seeking a warrant and to justify the war-rantless entry- and search, the agents, the prosecution, and the district, court relied primarily on the theory of consent once removed. Our precedents provided some support for that theory, at least as a general matter, but no prior case had stretched that doctrine as far as the agents stretched it here, to enter and search the private space (the garage) after the informant had left that space and was no longer in a danger zone.
By recognizing that the fictional notion of “consent once removed” should be abandoned, the majority opinion improves the Fourth Amendment law of this circuit. Most of the cases using the doctrine to avoid suppressing evidence should be understood as applications of inevitable discovery or exigent circumstances, allowing the police to protect an undercover agent or confidential informant who was in danger.
Inevitable Discovery: I am convinced that we should affirm the denial of defendants’ motions to suppress based on the “inevitable discovery” exception to the exclusionary rule, at least under our circuit’s precedents. '
The inevitable discovery exception does not apply merely because the police had probable cause to search and could have obtained a search warrant. To invoke the doctrine under our circuit precedent, “the government must show (1) ‘that it had, or would have obtained, an independent, legal justification for conducting a search that would have led to the discovery of the evidence’; and (2) ‘that it would have conducted a- lawful search absent the challenged conduct.’ ” United States v. Pelletier, 700 F.3d 1109, 1116 (7th Cir.2012), quoting United States v. Marrocco, 578 F.3d 627, 637-38 (7th Cir.2009); see generally Nix v. Williams, 467 U.S. 431, 442-44, 104 S.Ct. 2501, 81 L.Ed.2d 377 (1984) (murder victim’s body, inevitably would have been discovered by search already under way when police obtained information by violating suspect’s, right to counsel).
The first requirement was satisfied here. The agents had probable cause when their informant' left the defendants’ garage and signaled that he had seen the cocaine. The second requirement presents a much closer question in my view. ■ These agents had no plans to seek a search warrant and no interest in doing so. From the outset of the operation, they planned to claim consent once removed to justify a warrant-less entry after the informant gaye the signal.
To invoke the inevitable discovery exception, some other circuits require the government to show it was actively pursuing other, lawful grounds for obtaining the evidence. See, e.g., United States v. Cherry, 759 F.2d 1196, 1205-06 (5th Cir.1985) (government would need to show it was actively pursuing a substantial, alternative line of investigation at time of constitutional violation); United States v. Conner, 127 *346 F.3d 663, 667 (8th Cir.1997) (same); United States v. Virden, 488 F.3d 1317, 1323. (11th Cir.2007) (same); United States v. Camou, 773. F.3d 932, 943 (9th Cir.2014) (exception does not apply “to excuse failure to obtain search warrant where police had probable cause but. simply did not attempt to obtain a warrant”); see generally The Exclusionary Rule, 44 Geo. L.J. Ann. Rev. Crim. Proc. 249, 265 n. 670 (2015).
In United States v. Tejada, 524 F.3d 809, 812-13 (7th Cir.2008), however, we explained why we have rejected the active pursuit requirement. We have opted instead to allow the government to invoke the inevitable discovery exception if it can “prove that a warrant would certainly, and not merely probably, have been issued had it' been ■ applied for.” Id. at 813. The government has satisfied that standard in this case; -After the informant saw the cocaine in'the defendants’ garage and signaled that information to the agents, any magistrate judge would have issued immediately a warrant to search the garage. And as the majority points out, even if the agents had waited to obtain a warrant, the defendants were not going anywhere. The agents had ample authority to detain them (i.e., to seize them) while they waited for the warrant. See Illinois v. McArthur, 531 U.S. 326, 121 S.Ct. 946, 148 L.Ed.2d 838 (2001).
Other Grounds: I am not persuaded, however, by the other grounds offered by my colleagues to affirm the denial of the motion to suppress. .The circumstances here were not exigent in that there was no threat of danger.to any person and no indication that the evidence was in danger of being destroyed. See Kentucky v. King, 563 U.S. 452, 459-62, 131 S.Ct. 1849, 179 L;Ed.2d 865 (2011) (summarizing exigent circumstances exception); Brigham City v. Stuart, 547 U.S. 398, 403, 126 S.Ct. 1943, 164 L.Ed.2d 650 (2006). At worst, if the defendants had become nervous about the informant’s failure to return as quickly as expected, they might have hidden the cocaine again. I find it hard to believe, though, that capable federal agents would not have found two kilograms of cocaine in a space as small as a garage.
The majority also excuses the agents’ failure to obtain a' search warrant as a “harmless error,” quoting at length from United States v. Stefonek, 179 F.3d 1030, 1035-36 (7th Cir.1999). The full scope of the Stefonek opinion is not entirely clear, but I do not read it as providing a new distinct and independent ground for avoiding the exclusionary rule; -
Finally, the majority says the exclusionary rule should not apply here because the agents were relying reasonably on then-binding - circuit precedent. See Davis v. United States, 564 U.S. 229, 131 S.Ct. 2419, 180 L.Ed.2d 285 (2011); United States v. Gary, 790 F.3d 704, 705 (7th Cir.2015). The warrantless search was not justified in this case by our prior “consent once removed” cases. In fact, the government did not try to make a Davis argur ment to excuse the warrantless search. • In all of our prior cases using the-theory, at least one undercover officer or informant who had, been admitted to the premises was still present or at least still in a danger zone. That was not true here. The Davis exception for good faith reliance on controlling precedent does not reach so far as to excuse mistaken efforts to extend controlling precedents.
For these, reasons, I concur in the judgments.